**Tagged Opinion**



**ORDERED in the Southern District of Florida on August 11, 2010.**

　　　　　　　　　　　　　　　　　　　　**John K. Olson, Judge**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:

**Moon Thai & Japanese, Inc.**, *et al.,*

　　　　　Debtors.
_____/

Case No.  10-23328-BKC-JKO

Chapter 11 Cases
(Jointly Administered)

**ORDER TO SHOW CAUSE**
**WHY BROWN, VAN HORN P.A. SHOULD NOT BE SANCTIONED**

　　The Law Offices of Brown, Van Horn P.A. ("Brown Van Horn") filed a Chapter 13 Voluntary Petition on May 5, 2010 for Somkid Punma.[1]  Mr. Punma owns a number of corporations which operate restaurants, and he retained Brown Van Horn to file additional bankruptcy petitions for his businesses.  Six of those petitions were filed on May 14, 2010 for these jointly administered Chapter 11 Debtors.[2]

---

[1] *See In re Somkid Punma*, Case No. 10-22328-LMI (Bankr. S.D. Fla. May 5, 2010).

[2] *See In re Lazy Moon, Inc.*, Case No. 10-23336-JKO (Bankr. S.D. Fla. May 14, 2010);
*In re Stir Moon Southland, Inc.*, Case No. 10-24014-JKO (Bankr. S.D. Fla. May 14, 2010);
*In re Stir Moon Dadeland, Inc.*, Case No. 10-24015-JKO (Bankr. S.D. Fla. May 14, 2010);
*In re Stir Moon Sushi & Noodle & Thai, Inc.*, Case No. 10-24035-JKO (Bankr. S.D. Fla. May 14, 2010);
*In re Siam River Thai & Japanese, Inc.*, Case No. 10-24036-JKO (Bankr. S.D. Fla. May 14, 2010).

1

On June 11, 2010, Brown Van Horn filed *ex parte* applications seeking employment authorization *nunc pro tunc* to the May 14th filing date for each of the jointly administered Debtors. The applications included affidavits wherein David Marshall Brown, Esq. (a Brown Van Horn partner) swore that:

> 3. Neither I nor the firm represent any interest adverse to the Debtor or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).
> 4. I have no connections, other than the present representation, with the Debtor in Possession, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee as required by Bankruptcy Rule 2014, except that I was employed as an attorney/advisor with the Office of the United States Trustee from 1991 to 1993.
> 5. Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the Debtor who has provided funds from nonestate assets.[3]

Nowhere in the employment applications did Brown Van Horn disclose its representation of Mr. Punma in the Chapter 13 case before Judge Isicoff. Because I was unaware of this undisclosed conflict of interest, I entered orders approving the employment applications on June 16, 2010.[4]

On July 16, 2010, Creditor PNC Bank, N.A., filed a Motion to Prohibit Use of Cash Collateral, Motion for Accounting, and Motion for Sanctions against the Debtors' Managing Partners and Officers.[5] This apparently triggered the Brown Van Horn firm to belatedly file a Motion to Use Cash Collateral on July 28, 2010. A hearing on PNC Bank's motion was

---

[3] *See* [ECF Nos. 27-1, 29-1, 31-1, 33-1, 35-1, 38-1].

[4] *See* [ECF Nos. 44, 46, 48, 49, 68, 71].

[5] *See* [ECF No. 120].

2

conducted on August 10, 2010, and it was conceded that the Debtor has in fact used cash collateral in violation of 11 U.S.C. § 363 for nearly three months. Little explanation was given by Brown Van Horn attorneys.

*Brown Van Horn's Failure to Disclose*
*Actual or Potential Conflict of Interest is Sanctionable*

In determining whether there has been compliance with the requirements of Fed. R. Bankr. P. 2014(a), it is the degree of completeness of the disclosure, rather than the applicant's subjective intent or state of mind with respect to the disclosure that is material.[6] Section 327(a) of the Bankruptcy Code implies a duty of continuing disclosure,[7] and failure to make the appropriate disclosures may result in a sanction or reduction of fees.[8] This is because, even if there is no actual harm to the estate, the bankruptcy system is harmed.[9]

A professional seeking employment by the bankruptcy estate must disclose existence of even an arguable conflict, if only to explain it away.[10] The professional must disclose all facts which bear on disinterestedness, and cannot usurp the court's function by deciding, *ipse dixit*, which connections impact disinterestedness and which do not.[11]

To hold or represent an interest adverse to the estate means: (1) to hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a

---

[6] *In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993); *see also In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995), *cert. denied*, 516 U.S. 1049 (1996); *Rome v. Braunstein*, 19 F.3d 54 (1st Cir. 1994).

[7] *In re Granite Partners, LP*, 219 B.R. 22 (Bankr. S.D.N.Y. 1998).

[8] *In re LSS Supply, Inc.*, 247 B.R. 280, 282 (Bankr. D. Ariz. 2000) (citing *Park-Helena*, 63 F.3d at 881).

[9] *Id.*

[10] *Granite Partners*, 219 B.R. at 35.

[11] *Id.*

predisposition under circumstances that render such predisposition a bias against the estate.[12] Representation of a shareholder or certain investors of the Debtors is an example of a materially adverse interest such that counsel is not a "disinterested person" under Section 101(14)(C).[13] "Rule 2014(a) requires the disclosure in an application for employment of 'all the [applicant's] connections with . . . any other party in interest . . . ' " and "[t]he failure to disclose the employment application in a related case is alone a sufficient basis for disqualifying counsel in both cases . . . " and imposing "other appropriate sanctions."[14]

As for whether a single attorney or the entire firm should be disqualified, Fed. R. Bankr. P. 9001(6) defines "firm" and, in light of Rule 2014(b), there is no distinction between a professional partnership, a professional corporation, and an individual practitioner. This is because, under Rule 2014(b), once a firm is employed, any partner, member, or associate of the firm may act as an attorney without further order of court.[15] Courts have disqualified an entire firm based on the lack of disinterestedness of one member of the firm,[16] and a bankruptcy court may deny compensation to any professional person if there was a lack of disinterestedness at any time during the representation.[17]

---

[12] *Matter of CF Holding Corp.*, 164 B.R. 799 (Bankr. D. Conn. 1994).

[13] *See In re Temp-Way Corp.*, 95 B.R. 343, 345-46 (E.D. Pa. 1989); *In re Carrousel Motels, Inc.*, 97 B.R. 898 (Bankr. S.D. Ohio 1989); *In re Hoffman*, 53 B.R. 564, 566 (Bankr. W.D. Ark. 1985); *In re Envirodyne Indus.*, 150 B.R. 1008 (Bankr. N.D. Ill. 1993).

[14] *In re Lee*, 94 B.R. 172, 176-77 (Bankr. C.D. Cal. 1988).

[15] Fed. R. Bankr. P. 2014(b), 9001(6); *see also* COLLIER ON BANKRUPTCY ¶ 327.02[3].

[16] *See In re Essential Therapeutics, Inc.*, 295 B.R. 203, 209-10 (Bankr. D. Del. 2003); *In re Envirodyne Indus.*, 150 B.R. 1008 (Bankr. N.D. Ill. 1993); *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328 (E.D. Pa. 1982); *In re Petro-Serve, Ltd.*, 97 B.R. 856, 861-62 (Bankr. S.D. Miss. 1989); *In re Mich. Interstate Ry. Co.*, 32 B.R. 327, 329-30 (Bankr. E.D. Mich. 1983).

[17] *See* 11 U.S.C. § 328(c); *In re Kendavis Indus. Int'l, Inc.*, 91 B.R. 742, 754 (Bankr. N.D. Tex. 1988) (holding that attorneys were actually acting on behalf of majority equity holders in that case, but that representation of a debtor and its principals is an automatic conflict nevertheless); *Diamond Lumber, Inc. v. Unsecured Creditors' Comm. of Diamond Lumber, Inc.*, 88 B.R. 773 (N.D. Tex. 1988) (holding that law firm failed to disclose payment on eve of

Because the Brown Van Horn firm filed an individual Chapter 13 Voluntary Petition for the principal of the jointly administered Debtors, failed to disclose that representation in these Chapter 11 cases, and continued to represent the principal after swearing that the firm was disinterested, Brown Van Horn will be expected to articulate cause why it is not subject to disqualification, disgorgement, and other appropriate sanctions. Because the Brown Van Horn firm maintained conflicting representation and took no action while its clients used cash collateral for nearly three months without consent or court order, the firm will be expected to articulate cause why it is not subject to suspension from Chapter 11 practice and mandatory education in bankruptcy and ethics.

It is accordingly ORDERED that a show-cause hearing will be conducted on Thursday, August 12, 2010, at 3:00 PM in Courtroom 301, 299 East Broward Blvd., Fort Lauderdale, FL 33301.

# # #

Copies to:

Debtor's counsel, who shall serve copies of this order upon all registered interested parties and file a certificate of service.

Additional copies via U.S. Gov't courier to:

The Honorable Paul G. Hyman, Chief Judge (West Palm Beach)
The Honorable A. Jay Cristol (Miami)
The Honorable Laurel M. Isicoff (Miami)
The Honorable Erik P. Kimball (West Palm Beach)
The Honorable Robert A. Mark (Miami)
The Honorable Raymond B. Ray (Fort Lauderdale)
Katherine Gould Feldman, Clerk of Court (Miami)

---

bankruptcy, simultaneously represented multiple debtors with conflicting interests and equity holders, and was subject to strict scrutiny by the Bankruptcy Court); *see also* COLLIER ON BANKRUPTCY ¶ 327.04[4].